UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| NICOLE D. D.,<br><br>　　　　Plaintiff,<br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 5:23-cv-00312-BFM<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.　PROCEDURAL HISTORY

Plaintiff Nicole D. D.[1] applied for a period of disability and disability insurance benefits and for Supplemental Security Income payments, alleging a mental-health and intellectual-capacity-related disability that commenced on November 30, 2020. (Administrative Record, ECF No. 13 ("AR") 214-20, 221-241.) Plaintiff's applications were denied at the initial level of review and on

---

[1] In the interest of privacy, this Memorandum Opinion and Order uses only the first name and middle and last initials of the non-governmental party in this case.

reconsideration, after which she requested a hearing in front of an Administrative Law Judge. (AR 41, 50-65, 66-81.) The ALJ held a hearing and heard from Plaintiff, and a vocational expert (AR 45-47), after which she issued an unfavorable decision. (AR 15-25.) The ALJ found at step two of the disability analysis[2] that Plaintiff has the severe impairments of depressive disorder, general anxiety disorder, panic disorder, learning disorder, and mild intellectual disability. (AR 18.) At step three, the ALJ concluded that those conditions do not meet or medically equal the severity of any impairment contained in the regulation's Listing of Impairments—impairments that the agency has deemed so severe as to preclude all substantial gainful activity and require a grant of disability benefits. (AR 18); *see* 20 C.F.R. pt. 404, subpt. P, app. 1.

Because Plaintiff's impairments were not severe enough to require a grant of benefits at step three, the ALJ went on to assess Plaintiff's residual functional capacity—the most that a claimant can do in a work setting despite her mental impairments and resulting limitations. She found that Plaintiff retains the residual functional capacity to perform a full range of work at all exertional levels but is "limited to understanding and carrying out simple instructions consistent with reasoning level one or two." (AR 20.) That residual functional capacity would not permit Plaintiff to return to her prior work. But the ALJ credited the vocational expert's testimony that an individual like Plaintiff would be able to perform other jobs in the national economy. (AR 24, 46-47.) The ALJ thus found Plaintiff to be not disabled and denied her claims. (AR 25.) The Appeals Council denied review of the ALJ's decision. (AR 1-5.)

Dissatisfied with the Agency's resolution of her claims, Plaintiff filed a

---

[2] A five-step evaluation process governs whether a plaintiff is disabled. 20 C.F.R. §§ 404.1520(a)-(g)(1), 416.920(a)-(g)(1). The ALJ, properly, conducted the full five-step analysis, but only the steps relevant to the issue raised in the Complaint are discussed here.

Complaint in this Court. Her sole argument here is that the ALJ erred when she found Plaintiff has the residual functional capacity to perform work involving *simple* instructions at reasoning levels one or two, where, she alleges, the reviewing consultants opined that Plaintiff was capable of "simple *one to two step* (unskilled) tasks." (Pl.'s Br. 5 (emphases added).) Defendant requests that the ALJ's decision be affirmed.

For the reasons set forth below, the Court finds that the ALJ's decision should be affirmed.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to deny benefits to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence . . . is 'more than a mere scintilla.' It means—and only means—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citation omitted). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 710 (9th Cir. 1998).

## III. DISCUSSION

The only question presented here is whether the ALJ erred in finding that

Plaintiff is capable of performing "simple work at reasoning levels one or two." Plaintiff argues that that finding did not account for all the limitations contained in the prior administrative medical findings prepared by two mental-health consultants—medical experts that the ALJ purported to find persuasive. The Court respectfully disagrees.

At the initial stage of review, Dr. Karen Ying, M.D. a State agency psychiatric consultant, conducted a "psychiatric review technique" assessment, and offered her opinion that Plaintiff was moderately limited with respect to her abilities to understand, remember, or apply information; to interact with others; to concentrate, persist, or maintain pace; and adapt or manage herself. (AR 56.) (This opinion was related to the findings required at step three, that is, evaluating whether Plaintiff has a Listed Impairment. *See* Pl.'s Br. 4.) At the end of that set of findings, Dr. Ying provided a brief explanation for those findings in narrative form, stating that Plaintiff "is able to do understand [sic] simple tasks like bagging. She should be able to sustain simple tasks and tolerate superficial contact like bagging or gathering carts." (AR 57.) She also noted that a medical source statement from a consultative examiner "reflect[s] capability to do SRT [simple routine tasks] as well." (AR 57.)

In the next section of her report, Dr. Ying gave her opinion of Plaintiff's mental residual functional capacity. In that section, Dr. Ying explained that Plaintiff was not significantly limited in her ability to understand, remember, and carry out very short and simple instructions, but was moderately limited in her ability to understand, remember, and carry out detailed instructions. (AR 59-60.) Dr. Ying also explained that Plaintiff "can understand simple tasks" (AR 60) and that her capacity for sustained concentration and persistence would permit her to "sustain simple tasks for 40hr work wks" (AR 61). As before, toward the end of that section, Dr. Ying provided an "additional explanation" in

4

1 narrative form. There, she stated Plaintiff (1) "is capable of carrying out simple
2 one to two step (unskilled) tasks," and (2) is "able to maintain concentration,
3 persistence and pace throughout a normal workday as related to simple
4 unskilled tasks." (AR 62-63.)

5       A second doctor reviewed Plaintiff's case at the reconsideration stage, and
6 made similar findings. Dr. Sergiy Barsukiv, Psy.D., found moderate limitations
7 overall (AR 92); that Plaintiff is able to "understand simple tasks (AR 95)"; that
8 Plaintiff has the concentration and persistence capacity to "sustain simple tasks
9 for 40hr work wks" (AR 97); that Plaintiff "is capable of carrying out simple one
10 to two step (unskilled) tasks" (AR 98); and that she "is able to maintain
11 concentration, persistence and pace throughout a normal workday as related to
12 simple unskilled tasks" (AR 99).

13       The ALJ summarized the reviewing consultants' opinions, noting that
14 they both found Plaintiff can "understand simple tasks, sustain simple tasks for
15 40-hour work weeks, interact with others, and adapt to changes." She also noted
16 both expert's conclusion that Plaintiff is "capable of carrying out simple one to
17 two step (unskilled) tasks" and able to maintain concentration, persistence, and
18 pace throughout a normal workday "as related to simple unskilled tasks." (AR
19 22-23.) With minor exceptions not relevant here, the ALJ found these
20 consultants' opinions to be highly persuasive, because they were consistent with
21 each other and supported by the medical record "showing [Plaintiff's] learning
22 disorder requiring job coaching such that she would be limited to unskilled
23 work," as well as to moderate social limitations. (AR 23.) The ALJ then described
24 Plaintiff's residual functional capacity as permitting her to understand and
25 carry out "simple instructions consistent with reasoning level one or two." (AR
26 20.)

27       Plaintiff's argument is that while the ALJ purported to credit the
28

consultants, the residual functional capacity she found did not capture the most restrictive limitation contained in the two consultants' opinions. Her argument, in essence, is this: "Reasoning level one or two" is a shorthand reference to one of several scales provided by the Dictionary of Occupational Titles to describe the requirements of various jobs. *See* Dictionary of Occupational Titles app. C.[3] The "reasoning development" scale runs from one to six, with level one describing jobs involving the most basic tasks and level six describing jobs that require higher level or abstract reasoning. *Id.* When describing residual functional capacity, the ability to carry out simple instructions (or perform "simple tasks") and the ability to carry out "one to two step tasks" have been read to mean different things. A finding that a claimant can perform "simple" tasks has been held to correspond to jobs requiring no more than reasoning level two. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1004 n.6 (9th Cir. 2015) ("Unpublished decisions of panels of this Court and opinions from some of our sister circuits have concluded that an RFC limitation to 'simple' or 'repetitive' tasks is consistent with Level Two reasoning," collecting cases). By contrast, a finding that a claimant can perform "one to two step tasks" corresponds more closely to reasoning level one. *Id.* at 1003.

Plaintiff argues that the ALJ had an obligation to explain why she found Plaintiff capable of work involving "simple" instructions consistent with reasoning level one *or* two, where each consultant—who the ALJ purported to credit—had also used the more restricted phrase "simple one to two step (unskilled) tasks." (Pl.'s Br. 5-6.) Reasoning level one, she contends, "is supported by this record" (Pl.'s Br. 6), which reflects that Plaintiff cannot handle finances or small purchases; her cognitive functioning is in the first percentile; and she has poor function in auditory immediate memory, visual memory, visual

---

[3] https://www.dol.gov/agencies/oalj/public/dot/references/dotappc

working memory, immediate memory, and delayed memory. (Pl.'s Reply Br. 4.) According to Plaintiff, the ALJ thus erred in concluding that Plaintiff was capable of understanding and carrying out simple instructions consistent with reasoning level one *or* two. (AR 23.)

Defendant argues—and the Court agrees—that the ALJ's residual functional capacity determination is supported by substantial evidence.

Both reviewing consultants found that Plaintiff can understand and carry out "simple" unskilled tasks—a phrase that, as noted above, corresponds with a reasoning level two. Both *also* found Plaintiff capable of carrying out "simple one to two step (unskilled) tasks." But that latter finding did not require the ALJ to limit his residual functional capacity determination to the more restricted of the two findings. An individual's residual functional capacity represents "the most" that an individual can do in a work setting despite her impairments and resulting limitations. 20 C.F.R. §§ 404.1545, 416.945. The Regulation's language is key here: residual functional capacity "does not represent the least an individual can do despite . . . her limitations or restrictions, but the most." SSR 96-8p. The reviewing consultants did not say Plaintiff could do *only* one to two step unskilled tasks, but opined that she was *capable of* performing simple one to two step unskilled tasks *and* that she is able to maintain concentration, persistence, and pace throughout a normal workday as related to "simple unskilled tasks," i.e., tasks, by definition, at reasoning level one or two.

There is no conflict between a finding that an individual can do tasks requiring the very lowest level of reasoning ability *and* that she is capable of doing things that require slightly more reasoning ability than contemplated by the lowest level; the ability to do the latter necessarily includes the ability to do the former. As such, where State agency consultants find that a claimant can

7

perform simple unskilled tasks *and* simple one- to two- step unskilled tasks, it is proper for the ALJ to find a residual functional capacity based on the "higher" ability to perform work involving simple unskilled tasks (or in this case, "simple work at reasoning levels one or two"), because that is the *most* a claimant can do based on such findings. *See Corwin v. Kijakazi*, No. 1:20-cf-00394-GSA, 2021 WL 5771658, at *3-4 (E.D. Cal. Dec. 6, 2021) (finding on facts similar to the ones here, that "if Plaintiff can perform not only simple one to two step tasks but also simple and routine tasks, it is appropriate for the RFC to reflect only the latter"); *Nyberg v. Comm'r of Soc. Sec.*, No. 2:20-CV-0338-DMC, 2021 WL 1295378, at *6 (E.D. Cal. Apr. 7, 2021) (where reviewing doctor opined that the plaintiff could do "simple repetitive tasks" and "1-2 step tasks," ALJ was entitled to account for the "most Plaintiff can do"—simple repetitive work); *Andrade v. Comm'r of Soc. Sec.*, No. 1:22-CV-00861-EPG, 2023 WL 3601572, at *3 (E.D. Cal. May 23, 2023) (affirming ALJ's residual functional capacity limiting Andrade to "simple , routine, repetitive tasks" was not error where State agency consultant opined that plaintiff could "understand, carry out, and remember simple instructions," including "understanding, carrying out, & remembering 1 to 2 step instructions" as 1-2 step instructions was an example of a task the plaintiff could do, not the limit of his abilities).

Plaintiff appears to argue that the ALJ should have placed more stock in the consultants' finding that Plaintiff "is capable of carrying out simple one to two step (unskilled) tasks" based on where the consultant's findings for simple work appeared in the report. (Pl. Br. 7 (arguing that parts of the consultants' reports were "mere worksheet" and thus entitled to less weight).) The Court is not persuaded. Even if her purported distinction held true,[4] Plaintiff offers no

---

[4] The Court is far from convinced that it does—that is, it is not clear that discounting the "mere worksheet" portion of the report would support a different (cont'd . . .)

authority to support the view that any one part of a consultant's report merits more weight than any other, much less that an ALJ errs when she treats the consultants' reports as a unitary document.

Applying the substantial evidence standard, the ALJ's consideration of the totality of the State agency consultants' findings and reliance on their mental residual functional capacity finding that reflected the most Plaintiff could do despite her limitations, was not error.

## IV. CONCLUSION

For all the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is **AFFIRMED**.

DATED: July 26 , 2023

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

---

result. *See, e.g.*, AR 63 (narrative section stating (1) "is capable of carrying out simple one to two step (unskilled) tasks," *and* (2) is "able to maintain concentration, persistence and pace throughout a normal workday as related to simple unskilled tasks").

9